ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| A. E. BAGBY; THOMAS R. BROOKS; | § |  |
| BRANTLEY BOOE, JR. and DONNA BOOE; | § | |
| THOMAS G. CAIN and PATRICIA J. CAIN; | § | |
| WALTER CUNNINGHAM; | § | |
| DONALD R. HEYDEN; JOHN R. HUNDEMER | § | |
| DIANNA LAGOW; CHARLES P. LITTLE; | § | |
| and ALVA L. JANICE; TERRI McDANIEL; | § | |
| JERRY H. MILLER; L. J. NERWICH; | § | |
| WILLIAM J. NERWICH; JOHN NERWICH; | § | |
| JACK OLSEN; JAMES E. OWEN; | § | |
| RICHARD PERKINS and SHIRLEY PERKINS; | § | |
| RONALD K. SCHALL and JERRY L. SCHALL; | § | **3-06CV0.648.-R** |
| CHARLES SNYDER; MARYLOU SNYDER; | § | |
| EARL L. SWAIN and HELEN SWAIN; | § | CIVIL ACTION NO. _____ |
| MICHAEL E. SWAIN; GEORGE THOMASI | § | |
| and ROBBYNE J. BICKFORD; | § | |
| ROCCO TRICOLI; JOHN L. VICKERS; | § | |
| KAREN LYNN WASHINGTON and | § | |
| JOSEPH YAEGER, | § | |
| | § | |
| Plaintiffs | § | |
| | § | (JURY DEMAND) |
| VS. | § | |
| | § | |
| RYDEX INVESTMENTS, | § | |
| RYDEX DISTRIBUTORS, INC. and | § | |
| PADCO ADVISORS, INC., | § | |
| | § | |
| Defendants | § | |

## ORIGINAL COMPLAINT WITH JURY DEMAND

### PARTIES, JURISDICTION AND VENUE

1. The plaintiffs are adult resident citizens of the State of Texas.

The Defendants RYDEX INVESTMENTS and PADCO ADVISORS, INC. are corporations incorporated under the laws of the State of Maryland and with their principal place of business in the State of Maryland. The address is 9601 Blackwell Road, Suite 500, Rockville, Maryland 20850. Defendant RYDEX DISTRIBUTORS, INC. is a corporation incorporated under the laws of the State of Maryland with its principal place of business in the State of Maryland, and may be served with process by serving its registered agent, CT Corporation System, at 350 North St. Paul Street, Dallas, Texas 75201.

This action is between citizens of different states. Jurisdiction in this Court is premised upon 28 U.S.C. §1332. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

Venue is proper in the Northern District of Texas, where the Plaintiffs reside and where the cause of action accrued.

## BACKGROUND

2. The Plaintiffs are retired airline pilots, their spouses, former spouses, and the children and spouses of other retired American Airline pilots.

3. The Plaintiffs all entrusted their retirement savings to Robert Gormly ("Gormly"), an investment advisor. Gormly was also an active pilot with American Airlines. Focusing on retiring and retired fellow pilots, Gormly found a niche in using

the large size of pilot IRA rollovers to gain the maximum break point at $1,000,000 in the American Funds family for his clients. As other pilots from this natural affinity group, of which Gormly was a well-known member, became clients with substantial IRA Rollovers, Gormly invested the assets through his then broker dealer, Omega Securities, Inc. The investments were predominantly in the American Funds Group and were widely diversified among asset classes. The years of 1991 through 1998 were among the highest years of investment returns in both stocks and bonds in history. Gormly's clients were soundly invested and their accounts either grew or maintained their values.

4. Around April or May of 1998, Gormly left Omega and became a Registered Representative with Securities America, Inc. Gormly also became a Registered Investment Advisor Representative of Securities America Advisors, Inc., the sister company of Securities America.

5. After these changes in Gormly's registrations, Gormly began to express dissatisfaction to the Plaintiffs with the American Funds that had avoided much of the bubble market of 1998 and 1999. Gormly began to counsel the plaintiffs to participate in the new regime of fee based programs giving the advisor full discretionary authority over the accounts.

6.   In the latter part of 2001, Gormly, with the blessing of Securities America, began to tout yet another investment strategy in seminars, letters, and counseling sessions with his clients. This new strategy involved the Rydex family of funds.

7.   The Rydex funds are mutual funds with very high fees and trading costs. They are based upon various security indexes (S&P 500, NASDAQ 100, etc.) There are Rydex Funds that match the movement of certain indexes on a one to one basis, both up and down (the down move funds emulate the investment results of short sales, a highly speculative technique).

8.   Even more speculative are Rydex Funds which are leveraged with options, futures, margin borrowing and other derivatives to create returns that are MULTIPLES of the up and down moves of the underlying indexes. These are recognized in the investment world as some of the most volatile and speculative securities created. The inappropriateness of these vehicles in an IRA Rollover retirement account cannot be overstated.

9.   Rydex provided its marketing people to speak at seminars for Gormly's clients, the plaintiffs herein. Mr. Woody Harris, Senior Vice-President of the Rydex Funds, attended the October 31, 2001 Gormly seminar for the purpose of introducing the family of Rydex funds and to answer investor questions from this group of elderly

retired clients of Gormly. Harris spoke at other seminars to Gormly's clients, the plaintiffs herein, on January 31, 2002 and April 26, 2002.

10. Other seminars for the plaintiffs were attended by Rydex personnel and Rydex Funds were advocated for use by these elderly retired investors. Rydex vice-president Ted Morrow made presentations concerning the leveraged inverse funds at seminars in July 2002, October 2002, January 2003, and April 2003.

11. Gormly began to frantically trade the Plaintiffs' retirement assets in the extraordinarily volatile Rydex index funds that were, in every way imaginable, unsuitable for the plaintiffs.

12. Additionally, the assets of the retirement accounts and regular accounts were day-traded, a highly speculative trading technique involving the purchase and sale of the Rydex funds on a daily or even an intra-day basis.

13. The turnover in the Plaintiffs' individual accounts was in multiple MILLIONS of DOLLARS in 2003. All of this turnover was in Rydex funds.

14. Rydex funds are aimed at large, institutional investors, who use them to hedge against losses in down markets. The Plaintiffs were invested in funds such as Rydex Titan 500; Rydex Tempest 500; Rydex Velocity 100; and Rydex Venture 100. According to Rydex, the Titan seeks results that correlate to 200% of the S&P500 but invests in derivatives. The Tempest likewise invests in derivatives but seeks returns

based on the inverse of the S&P500. The Velocity and Venture are similar to the Titan and Tempest but correlate directly and inversely, respectively, to the NASDAQ. These are not appropriate for most people and certainly not appropriate or suitable for elderly retirees in their income producing IRA accounts.

15. Beginning in the fall of 2001, Defendants were involved directly and indirectly with Gormly in soliciting and advising the Plaintiffs to invest millions of dollars in defendants' funds. This involvement lasted through 2003. Extraordinary losses followed. In 2003 alone, the plaintiffs had actual losses in Rydex funds in excess of $7,000,000.00. This is the same year that the S&P500 Index was up 28.66% and the NASDAQ was up 50.01%.

## CLAIMS FOR RELIEF

16. Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

17. Defendants are liable for damages to plaintiffs under Vernon's Ann. Texas Civ. St. Art. 581-33 (F)(2). Specifically, defendants directly or indirectly and with reckless disregard for the truth, materially aided Rob Gormly and/or Securities America, as sellers of the Rydex funds under section (A)(2). That section provides that a person who sells a security by means of an omission to state material facts necessary in order to make statements made, in light of the circumstances under which they are

made, not misleading, is liable to the person buying the security for damages when the buyer no longer owns the security. Defendants failed to make known to the Plaintiffs during the marketing seminars presented by its employees that the derivative and inverse funds offered were not suitable or appropriate for use by elderly retirees in their income producing IRAs.

18. Plaintiffs are entitled under Art. 581-33 (D)(3) to damages computed as the amount paid for the Rydex funds plus legal interest from the purchase date less the value or consideration received for the securities upon disposition and any income paid to the plaintiffs by the defendants.

19. Defendants are liable for damages to plaintiffs based upon common law fraud. The defendants intentionally refrained from making relevant disclosures during the marketing seminars that would have informed the plaintiffs that as elderly retirees living on the income provided by their IRAs, that the Rydex derivative and inverse funds were in appropriate and unsuitable investments.

20. Plaintiffs demand Judgment in their favor against Defendants as follows:

(a) actual, statutory, rescissionary and compensatory damages and penalties;

(b) punitive damages;

(c) costs of suit;

(d) reasonable attorneys' fees;

(e) pre-judgment and post-judgment interest; and

(f) such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

LAW OFFICE OF RICHARD ELLIOTT

_____
Richard H. Elliott
4709 West Lovers Lane
Suite 200
Dallas, Texas 75209
Texas Bar Card No. 06549500
Telephone: (214) 358-7600
Facsimile: (214) 350-5064
*lawdallas@aol.com*
ATTORNEY FOR PLAINTIFFS

Of Counsel:

Lee Bowie (pending *PHV*)
Davidson, Bowie & Sims, PLLC
2506 Lakeland Drive, Suite 501
Post Office Box 321405
Jackson, Mississippi 39232
(601) 932-0028
(601) 932-0115 (facsimile)
*lbowie@dbslawfirm.net*

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

ORIGINAL

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
A. E. Bagby

*APR 11 2006*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF TEXAS*

### DEFENDANTS
Rydex Investments;
Rydex Distributors, Inc. and
Padco Advisors, Inc.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Richard Elliott
4709 West Lovers Lane
Dallas, Texas 75209    (214) 358-7600

ATTORNEYS (IF KNOWN)

**3-06CV0.648-R**

### II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF (For Diversity Cases Only) AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

[Nature of suit checkboxes - none marked except 370 Other Fraud]

370 Other Fraud ☒

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
☒ 1 Original Proceeding

### VI. CAUSE OF ACTION
28 US 1332    Securites fraud; action for rescission and damages

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $ 7 million
JURY DEMAND: ☒ YES ☐ NO

### VIII. RELATED CASE(S) IF ANY
JUDGE _____ DOCKET NUMBER _____

DATE: April 10, 2006
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____