# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

|  |  |
|---|---|
| A. E. BAGBY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 3-06CV0648-G |
| v. ) | |
| ) | |
| RYDEX INVESTMENTS, ) | |
| RYDEX DISTRIBUTORS, INC. and PADCO ) | |
| ADVISORS, INC., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS RYDEX DISTRIBUTORS, INC. AND PADCO ADVISORS, INC.'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS

Steven M. Malina, Esq.
Beth A. Black, Esq.
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Fifth Floor
Chicago, Illinois 60601
Phone: (312) 324-1000
Fax:    (312) 324-1001
smalina@morganlewis.com
bblack@morganlewis.com

Timothy G. Ackermann, Esq.
MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street
Suite 3200
Dallas, Texas 75201
Phone: (214) 466-4000
Fax:    (214) 466-4001
Texas Bar No. 24001621
tackermann@morganlewis.com

## TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................................. 1

FACTUAL BACKGROUND .................................................................................................. 2

ARGUMENT .......................................................................................................................... 4

I.    STANDARDS FOR A MOTION TO DISMISS ............................................................ 4

  II.    PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF UNDER THE TEXAS SECURITIES ACT ............................................................... 4

    A.    "General Awareness" Standard ............................................................... 5

    B.    Defendants Did Not Have A "General Awareness" ............................... 6

  III.    PLAINTIFFS' COMMON LAW FRAUD CLAIM FAILS AS A MATTER OF LAW ............................................................................................................................ 8

    A.    Legal Requirements For Common Law Fraud ...................................... 8

    B.    Plaintiffs' Complaint Fails To Allege The Elements Of Common Law Fraud ......................................................................................................... 10

        1.    No Duty to Disclose .................................................................... 10

        2.    No Intent to Defraud .................................................................... 11

        3.    No Reliance ................................................................................. 11

        4.    No Causation ............................................................................... 12

CONCLUSION ..................................................................................................................... 13

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Abell v. Potomac Ins. Co.*, 858 F.2d 1104 (5th Cir. 1988).................................................. 6

*Aldridge v. Secretary, Dep't of the Air Force,* No. Civ. 7:05-CV-00056, 2005 WL 2738327 (N.D. Tex. Oct. 24, 2005) ................................................................................ 4

*Hall Dadeland Towers Assoc. v. Hardeman*, 736 F. Supp. 1422 (N.D. Tex. 1990) ......... 9

*Hermann Holdings Ltd. v. Lucent Tech., Inc.*, 302 F.3d 552 (5th Cir. 2002) ............... 4, 11

*Millcreek Assoc., L.P. v. Bear, Stearns, & Co.*, 205 F. Supp. 664 (W.D. Tex. 2002)................................................................................................................ 9, 12

*Newby v. Enron Corp.*, 388 F. Supp. 2d 780 (S.D. Tex. 2005)....................................... 6, 8

*Perfection Indus., Inc. v. City of Terrell, Tex.,* No. Civ.A. 3:03-CV-3083, 2004 WL 1732689 (N.D. Tex. Oct. 27, 2004) ............................................................... 4

*Tuchman v. DSC Commc'n Corp.*, 14 F.3d 1061 (5th Cir. 1994) ............................... 4, 11

*United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370 (5th Cir. 2004)................................................................................................................... 4

## STATE CASES

*American Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420 (Tex. 1997) .......................... 11

*Baldinger v. Schoettmer*, No. 05-98-00239-CV, 2001 Tex. App. LEXIS 1210 (Tex. App. Ct. 2001) ................................................................................................. 9

*Crescendo Invs., Inc. v. Brice*, 61 S.W.3d 465 (Tex. App. Ct. 2001)............................... 5

*Dittberner v. C. H. Bell*, 558 S.W.2d 527 (Tex. Civ. App. 1977) .................................... 9

*Frank v. Bear, Stearns & Co.*, 11 S.W.3d 380 (Tex. App. Ct. 2000).............................. 5

*Goldstein v. Mortenson*, 113 S.W.3d 769 (Tex. App. Ct. 2003) ..................................... 5

*Hendricks v. Grant Thornton*, 973 S.W.2d 348 (Tex. App. Ct. 1998) .......................... 10

*Insurance Co. of North America v. Morris*, 981 S.W.2d 667 (Tex. 1998) ....................... 9

*Jackson v. Henderson*, No. 01-03-00843-CV, 2004 WL 1631394 (Tex. App. Ct. 2004) ................................................................................................................ 7, 11

*Pellegrini v. Cliffwood-Blue Moon Joint Venture, Inc.*, 115 S.W.3d 577 (Tex. App. Ct. 2003) ........................................................................................................ 9

*Sterling Trust Co. v. Adderley,* 168 S.W.3d 835 (Tex. 2005) ....................................... 6, 7

**STATUTES**

Tex. Rev. Civ. Stat. Ann. §581-33F(2) ............................................................................ 5

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| A. E. BAGBY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 3-06CV0648-G |
| v. | ) |
| | ) |
| RYDEX INVESTMENTS, | ) |
| RYDEX DISTRIBUTORS, INC. and | ) |
| PADCO ADVISORS, INC., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS RYDEX DISTRIBUTORS, INC. AND PADCO ADVISORS, INC.'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants Rydex Distributors, Inc. ("Rydex") and Padco Advisors, Inc. ("Padco") (collectively, "Defendants"),[1] respectfully submit this Memorandum in Support of their Motion to Dismiss Plaintiffs' Complaint pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

**INTRODUCTION**

Plaintiffs, seeking to recover their investment losses, claim that Defendants' presence at seminars sponsored by Plaintiffs' investment advisor, Robert Gormly ("Gormly"), constituted participation in Gormly's fraudulent securities scheme. As demonstrated below, the allegations of the complaint, even if taken as true, are insufficient as a matter of law to support a finding that Defendants are liable under any of the legal theories Plaintiffs have advanced. Other than vague reference to Defendants' involvement at those seminars, Plaintiffs do not allege with any

---

[1] Rydex Investments is incorrectly named as an individual defendant in this matter. Rydex Investments is a d/b/a for Padco Advisors, Inc. Thus, the caption should read Padco Advisors, Inc. d/b/a Rydex Investments. As such, a separate pleading is not required on behalf of Rydex Investments as an individual defendant.

1

specificity any fraudulent conduct on Defendants' part. Nonetheless, Plaintiffs claim that Defendants violated the Texas Securities Act ("TSA") by failing to disclose the suitability of the Rydex funds to Plaintiffs and aiding Gormly and Gormly's brokerage firm, Securities America, Inc. ("Securities America"), in selling Rydex funds to Plaintiffs. Plaintiffs also assert a claim for common law fraud for the same alleged omissions by Defendants. Plaintiffs, however, are unable to meet the basic pleading requirements for either of their claims and fall far short of the heightened pleading requirements for claims of fraud. As such, for the reasons set forth further *infra*, Plaintiffs' complaint should be dismissed pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6).

## FACTUAL BACKGROUND

Gormly promoted various Rydex funds to his clients as part of an overall trading strategy he developed while employed at Securities America.[2] (Compl. ¶ 6.) As part of introducing his trading strategy to current and potential clients, Gormly hosted various seminars from late 2001-early 2003. (Compl. ¶¶ 9, 10.) At Gormly's request, Rydex personnel appeared at Gormly's seminars to introduce the Rydex family of funds to the attendees and to answer any questions they had. (*Id.*) Plaintiffs allege, with no factual basis, that Defendants were involved directly and indirectly with Gormly in soliciting and advising Plaintiffs to invest in Rydex funds. (Compl. ¶ 15.)

The complaint does not contain any other allegations with respect to Defendants' role at Gormly's seminars. Nonetheless, with nothing further to support their claims, the complaint alleges that Defendants failed to make known to Plaintiffs at Gormly's seminars that Rydex funds were not suitable or appropriate for Plaintiffs. (Compl. ¶¶ 18-19.) Factually, there is

---

[2] Although the complaint alleges that Plaintiffs purchased Rydex funds through Gormly (Compl. ¶ 11), Defendants contend, on information and belief, that several Plaintiffs never purchased Rydex funds.

2

nothing in the complaint to substantiate Plaintiffs' claims. What is significant about Plaintiffs' complaint is what it does <u>not</u> allege. Specifically:

- Plaintiffs do not allege that Defendants were aware that Gormly was doing anything improper, that Gormly was violating any law, or that their participation in Gormly's seminars was part of an overall improper activity.

- Plaintiffs do not allege that Defendants had any knowledge of Plaintiffs' ages, employment status, financial status, investment objectives, risk tolerance, investment assets, or other information necessary to analyze whether each Plaintiff was suitable to invest in Rydex funds.

- Plaintiffs do not allege that Defendants were asked to make or had a duty to make suitability determinations for each Plaintiff at Gormly's seminars.

- Plaintiffs do not allege that Defendants believed that Rydex funds were not suitable for Plaintiffs.

- Plaintiffs do not allege that Defendants had a duty to disclose facts regarding the suitability of the Rydex funds to Plaintiffs.

Rather, with complete disregard for the heightened pleading standards required for fraud claims, Plaintiffs ask this Court to assume that simply by virtue of Defendants' participation in Gormly's seminars: (1) Defendants had a duty to ascertain whether Rydex funds were suitable for every member of the audience; (2) Defendants failed to discharge said duty; (3) Defendants believed that Rydex funds were not suitable for Plaintiffs; and (4) Defendants had a duty to disclose and failed to disclose such belief. Plaintiffs, however, fail to allege any of the requisite facts to establish the existence of any such duties or any belief on Defendants' part that Rydex funds were not suitable for each of the Plaintiffs. As such, Plaintiffs' complaint should be dismissed.

## ARGUMENT

I.     **STANDARDS FOR A MOTION TO DISMISS**

Fed.R.Civ.P. Rule 12(b)(6) authorizes dismissal of a complaint for failure to state a claim upon which relief can be granted. *Aldridge v. Secretary, Dep't of the Air Force*, No. Civ. 7:05-CV-00056, 2005 WL 2738327, at *1 (N.D. Tex. Oct. 24, 2005). The court must accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff. *Id. at *2*. However, "conclusory allegations and unwarranted factual deductions will not suffice to prevent a motion to dismiss." *Perfection Indus., Inc. v. City of Terrell, Tex.*, No. Civ.A. 3:03-CV-3083, 2004 WL 1732689, at *6 (N.D. Tex. Oct. 27, 2004).

With respect to complaints that contain claims of fraud, courts apply and interpret Fed.R.Civ.P. Rule 9(b) strictly, requiring that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *Hermann Holdings Ltd. v. Lucent Tech., Inc.*, 302 F.3d 552, 564 (5th Cir. 2002); *Tuchman v. DSC Commc'n Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994). For cases involving allegations of fraud based on omissions, as here, Rule 9(b) requires the plaintiff to plead the type of facts omitted, the place in which the omissions should have appeared and the way in which the omitted facts made any representations misleading. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 381 (5th Cir. 2004). Plaintiffs have failed to satisfy the pleading requirements of Rule 12(b)(6) and Rule 9(b), thus, the complaint should be dismissed.

II.     **PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF UNDER THE TEXAS SECURITIES ACT**

Plaintiffs claim that Defendants violated §581-33.F(2) of the TSA by allegedly aiding Gormly and Securities America as sellers of the Rydex Funds. (Compl. ¶ 17.) Section 581-33.F(2) imposes liability on "aiders and abettors" and provides that:

4

> A person who directly or indirectly with intent to deceive or defraud or with reckless disregard for the truth or the law materially aids a seller, buyer, or issuer of a security is liable under Section 33A, 33B or 33C jointly and severally with the seller, buyer, or issuer, and to the same extent as if he were the seller, buyer, or issuer.

TEX. REV. CIV. STAT. ANN. §581-33F(2) (Vernon Supp. 2004-2005).

### A.  "General Awareness" Standard

The Texas Supreme Court recently clarified the "intent to deceive or defraud" standard under §581-33F(2) of the TSA necessary to impose liability on an "aider or abettor." *Sterling Trust Co. v. Adderley*, 168 S.W.3d 835 (Tex. 2005). The Supreme Court held that an alleged "aider" can only be held liable if it "rendered assistance to the seller in the face of a perceived risk that its assistance would facilitate untruthful or illegal activity by the primary violator." *Id.* at 837. In order to perceive such a risk, the alleged aider does not have to know of the exact misrepresentations or omissions made by the seller, but must possess at least a "general awareness that [the aider's] role was part of an overall activity that is improper." *Id.* at 843. The Court further reasoned that the "general awareness" standard is a higher standard than the "should have known standard" applied in negligence cases. *Id.* Applying the "general awareness" standard in *Sterling Trust*, the Supreme Court held that although ignoring internal procedures that would have alerted the defendant to its broker's fraudulent scheme may have risen to the level of negligence, it did not demonstrate an intent to defraud with "reckless disregard for the truth or the law" necessary to impose liability under §581-33F(2). *Id.*[3]

---

[3] The holding in *Sterling Trust* is consistent with three Texas appellate court cases preceding *Sterling Trust* that set forth the general awareness standard applicable in aider or abettor cases. *Goldstein v. Mortenson*, 113 S.W.3d 769 (Tex. App. Ct. 2003), *Crescendo Invs., Inc. v. Brice*, 61 S.W.3d 465 (Tex. App. Ct. 2001) and *Frank v. Bear, Stearns & Co.*, 11 S.W.3d 380 (Tex. App. Ct. 2000). In *Goldstein*, an individual was found liable as an aider and abettor because he was explicitly informed of the underlying fraudulent scheme, and thus had a general awareness when he acted in furtherance of the scheme. *Goldstein*, 113 S.W.3d at 777. In *Crescendo*, a general partnership and master franchisor was held not liable as an aider or abettor under the TSA because there was no evidence of a general awareness of co-defendants' fraudulent scheme. *Crescendo*, 61 S.W.3d at 473. Similarly, in *Frank*, an underwriter of collateralized mortgage obligations was not liable as an aider or abettor because there was no finding of a general awareness on the underwriter's part of any securities law violation. *Frank*, 11 S.W.3d at 386.

Moreover, the Supreme Court held that there can be no aider and abettor liability in the absence of a primary violation. *Id.* at 845. Thus, if it is shown that the seller reasonably believed his statements to be true, there would be no primary violation and, thus, no derivative liability attached to the aider. *Id.*; *see also Newby v. Enron Corp.*, 388 F. Supp. 2d 780, 787 (S.D. Tex. 2005) (although primary violator need not be named in aider's action, primary violation ultimately needs to be proven as part of aiding and abetting claim at trial); *Abell v. Potomac Ins. Co.*, 858 F.2d 1104, 1126 (5th Cir. 1988) (absent a finding of underlying securities fraud, there can be no aider and abettor liability).

### B. Defendants Did Not Have A "General Awareness"

Applying the above standards to the case at bar, Plaintiffs have not plead with any particularity the necessary elements to establish Defendants' liability as aiders under the TSA. Plaintiffs have not alleged that Defendants had the requisite intent under the statute, specifically, that Defendants had a "general awareness" that their presentation of information on Rydex funds at Gormly's seminars was part of an overall improper activity. Plaintiffs simply toss out the conclusory statement that Defendants failed to make known to Plaintiffs that Rydex funds were not "suitable or appropriate for use by elderly retirees in their incoming producing IRAs" and ask the Court to find that they aided and abetted an improper activity. (Compl. ¶¶ 14, 17.) This conclusory statement is built upon a faulty foundation of equally conclusory assumptions.

First, Plaintiffs do not allege that Defendants were privy to any conversations Gormly had with any of the Plaintiffs, or otherwise became aware of any representations Gormly made to Plaintiffs, and to what extent, if any, those representations comprised "an overall activity that was improper." Although Defendants are not required to know the exact misrepresentations or omissions Gormly allegedly made, Plaintiffs must plead that Defendants had a general awareness that what Gormly was doing was improper. Plaintiffs do not allege that Defendants had such an

6

awareness. Moreover, Plaintiffs are unable to point to any facts showing that Defendants' alleged omissions were knowingly made in furtherance of an improper activity. As the Texas Supreme Court has held, without such a general awareness, Defendants cannot be liable as aiders under the TSA. *Sterling Trust*, 168 S.W.3d at 843.

<u>Second</u>, Plaintiffs do not allege that Defendants had a duty to know or did in fact know the demographics of each of the attendees of Gormly's seminars at which Rydex personnel spoke. Instead, Plaintiffs simply want this Court to assume that Defendants knew Plaintiffs were retirees, that they were "elderly," and that Plaintiffs were contemplating investments for income producing IRAs. (Compl. ¶¶ 14, 17.) There are no facts plead by Plaintiff supporting any of these allegations.

<u>Third</u>, Plaintiffs have not alleged that Defendants had any of the information necessary for them to perform a suitability analysis for each Plaintiff who attended Gormly's seminars. To perform an analysis of the suitability of a particular investment vehicle or investment strategy, generally, Defendants would had to have been privy to information regarding Plaintiffs' employment status, investment assets, existing retirement assets, financial status, risk tolerance, investment objectives and investment experience. There is nothing in the complaint indicating that Defendants had any of the information necessary to determine whether Rydex funds were suitable or appropriate for each of the Plaintiffs. Defendants cannot be liable for failing to disclose something of which they had no knowledge. *Jackson v. Henderson*, No. 01-03-00843-CV, 2004 WL 1631394, at *3 (Tex. App. Ct. 2004) (a party cannot deliberately remain silent about a fact unknown to that party).

<u>Fourth</u>, Plaintiffs have not alleged that Defendants had a duty to ascertain this information about Plaintiffs merely by virtue of their presence at Gormly's seminars as the distributor of Rydex funds. Plaintiffs concede that Defendants did not sell Rydex funds to

7

Plaintiffs—Gormly and Securities America were the sellers. (Compl. ¶ 17.) As sellers of the funds, Gormly and Securities America may have had the duty to know their customers, not Defendants.

Fifth, Plaintiffs have not plead any facts showing that Defendants' alleged omissions materially aided Gormly in deceiving or defrauding Plaintiffs, as required under the statute. The complaint is completely devoid of facts demonstrating how Defendants' supposed omissions at Gormly's seminars materially furthered Gormly's allegedly wrongful scheme. Nor have Plaintiffs alleged that the purported omissions made the information presented at the seminars misleading in any way. Plaintiffs make an unsubstantiated leap from Defendants' introduction of Rydex funds to Gormly's allegedly improper sale of Rydex funds to Plaintiffs. Plaintiffs are required to plead such facts with particularity, and completely fail to do so in their complaint.

Sixth, there has been no finding that Gormly or Securities America have committed any securities law violations as "primary violators." Absent a primary violation, Defendants cannot be secondarily liable as aiders and abettors. *Newby*, 388 F. Supp. 2d at 787.

Plaintiffs have failed to plead with the requisite particularity any of the elements of aider and abettor liability under the TSA. Thus, Defendants cannot be found liable and Plaintiffs' complaint should be dismissed.

### III.  PLAINTIFFS' COMMON LAW FRAUD CLAIM FAILS AS A MATTER OF LAW

#### A.  Legal Requirements For Common Law Fraud

Plaintiffs also contend that Defendants committed common law fraud based upon the same alleged failure to disclose that the Rydex funds were unsuitable and inappropriate for Plaintiffs. (Compl. ¶ 19.) Under Texas law, the elements of common law fraud based upon an omission are: 1) a failure to disclose a material fact when under a duty to disclose; 2) with intent

8

to induce action or inaction; 3) a reasonable reliance on the omission; 4) and injury due to such reliance. *Hall Dadeland Towers Assoc. v. Hardeman*, 736 F. Supp. 1422, 1432 (N.D. Tex. 1990). A plaintiff alleging common law fraud must not only show that he detrimentally relied on an omission, but also that the omission "was the proximate cause of the damages that he…is seeking to recover." *Millcreek Assoc., L.P. v. Bear, Stearns, & Co.*, 205 F. Supp. 664, 675 (W.D. Tex. 2002). Each element of fraud must be established and the absence of any one element will prevent recovery. *Dittberner v. C. H. Bell*, 558 S.W.2d 527, 533 (Tex. Civ. App. 1977).

Nondisclosure of a material fact may equate to a false representation only when the particular circumstances impose a duty on the party to speak and he deliberately remains silent. *Pellegrini v. Cliffwood-Blue Moon Joint Venture, Inc.*, 115 S.W.3d 577, 580 (Tex. App. Ct. 2003). A duty to speak arises when the parties have a fiduciary or confidential relationship. *Pellegrini*, 115 S.W.3d at 580. A fiduciary duty arises as a matter of law in certain formal relationships, such as attorney-client, partnerships, and trustee relationships. *Baldinger v. Schoettmer*, No. 05-98-00239-CV, 2001 Tex. App. LEXIS 1210, at *12 (Tex. App. Ct. 2001). A confidential relationship may arise when the parties have dealt with each other in such a manner for a long period of time such that one party is justified in expecting the other to act in his best interest. *Insurance Co. of North America v. Morris*, 981 S.W.2d 667, 674 (Tex. 1998) (no evidence of any prior dealings between surety and investors that would justify an expectation that surety be required to disclose material information regarding investments). A finding of a confidential relationship "is not made lightly." *Baldinger,* 2001 Tex. App. LEXIS 1210, at *12.

Lastly, a duty to speak can arise in three other contexts: 1) when one voluntarily discloses information, he has a duty to disclose the whole truth; 2) when one makes a representation, he has a duty to disclose new information if the new information makes the earlier representation

9

untrue; and 3) when one makes a partial disclosure and conveys a false impression. *Hendricks v. Grant Thornton*, 973 S.W.2d 348, 363 (Tex. App. Ct. 1998).

### B. Plaintiffs' Complaint Fails To Allege The Elements Of Common Law Fraud.

#### 1. *No Duty to Disclose.*

Plaintiffs have not alleged the existence of a fiduciary duty, what fiduciary duties were owed to them by Defendants or how these duties were breached. Similarly, Plaintiffs have not alleged that a confidential relationship existed between Plaintiffs and Defendants, nor have they alleged any facts upon which the existence of such a relationship can be found. As the complaint alleges, Defendants' contact with Plaintiffs was minimal at best, and in no way rose to the level of a confidential relationship. There were no long established relationships that occurred over time such that Plaintiffs would be reasonably justified in expecting Defendants to make disclosures regarding the suitability of investments specific to each Plaintiff. As alleged in the complaint, Defendants participated in Gormly's seminars only to introduce the family of Rydex funds and to answer questions from the seminar attendees. (Compl. ¶¶ 9-10.) Under these circumstances, no confidential relationship existed between Plaintiffs and Defendants.

Further, Plaintiffs have not alleged any facts sufficient to sustain a claim that Defendants had a duty to speak as a result of any of the three contexts enumerated above. First, Plaintiffs have not alleged that Defendants failed to disclose the whole truth about Rydex funds. Rydex personnel were invited to speak at Gormly's seminars to introduce the family of Rydex funds and to answer investor questions. (Compl. ¶¶ 9-10.) There are no allegations that they were asked to discuss whether Rydex funds were suitable and appropriate for every individual audience member. Plaintiffs also do not allege that Defendants were provided with information necessary to determine—nor that they were asked to determine—the suitability of Rydex funds for every individual audience member. Thus, Defendants could not have fraudulently remained

silent if they were unaware of this information. *Jackson*, 2004 WL 1631394, at *3. Plaintiffs have not alleged that Defendants failed to provide the whole truth with respect to what the complaint alleges they were asked to provide—information on the family of Rydex funds and answers to investors' questions.

Second, Plaintiffs have not alleged that new information came to light or that Defendants were aware of any new information with respect to Rydex funds that made any of the information Defendants presented at Gormly's seminars untrue or misleading. Third, Plaintiffs have not alleged that Defendants created any false impressions through any partial disclosures regarding the Rydex funds.[4]

Simply put, Plaintiffs have not alleged any facts demonstrating that Defendants had a duty to disclose facts regarding the suitability of the Rydex funds to Plaintiffs. Without allegations of the existence of such a duty, Plaintiffs' fraud claim falters at the outset.

### 2. *No Intent to Defraud*.

A claim for common law fraud requires a showing of scienter. *Hermann Holdings*, 302 F.3d at 563. "Pleading scienter requires more than a simple allegation that a defendant had fraudulent intent. To plead scienter adequately, a plaintiff must set forth specific facts that support an inference of fraud." *Tuchman v. DSC Comm. Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994). Plaintiffs' complaint is completely void of any facts alleging that Defendants acted with an intent to defraud Plaintiffs.

### 3. *No Reliance*.

Just as with an affirmative misrepresentation, the allegedly defrauded party must have reasonably relied on the fraudulent silence to his detriment. *American Tobacco Co., Inc. v.*

---

[4] Defendants contend that Defendants made available to all of Gormly's seminar attendees prospectuses and other materials providing detailed written disclosures regarding the risks associated with the Rydex funds. Moreover, such information was publicly available information that Plaintiffs had the ability to obtain on their own.

11

*Grinnell*, 951 S.W.2d 420, 436 (Tex. 1997).  Nowhere in the complaint do Plaintiffs allege that they relied on Defendants' alleged omissions in making their respective decisions to invest in Rydex funds.  Plaintiffs' complaint jumps from Rydex personnel presenting information at seminars (Compl. ¶ 10) to Gormly frantically trading Plaintiffs' assets in Rydex funds. (Compl. ¶ 11.)  There is absolutely no connection whatsoever set forth in the complaint as to whether, and if so, how, Plaintiffs relied on Defendants' alleged omissions.  Without allegations of such reliance, Plaintiffs' fraud claim fails.

    4.  *No Causation*.

  Plaintiffs claim they suffered losses in the amount of $7 million.  (Compl. at ¶ 15.)  Plaintiffs again fail to allege any facts that establish a causal nexus between Defendants' alleged omissions, Plaintiffs' reliance on same, and Plaintiffs' losses.  Without any facts demonstrating how Defendants' allegedly fraudulent actions caused Plaintiffs' losses, Defendants cannot be held liable.  *Millcreek Assoc.*, 205 F. Supp. at 675.

                     \*\*\*

  Although Plaintiffs' failure to adequately plead just one of the elements of fraud is fatal to their claim, Plaintiffs fail to plead all four elements.  Based on this, Plaintiffs' common law fraud claim should be dismissed.

**CONCLUSION**

For all of the foregoing reasons, Defendants Rydex Distributors, Inc. and Padco Advisors, Inc. respectfully request that this Court enter an Order pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing Plaintiffs' complaint with prejudice and that the Court grant such other and further relief as the Court deems necessary and appropriate.

Dated: June 30, 2006                Respectfully submitted,

                s/ Steven M. Malina
            Counsel for Defendants
            RYDEX DISTRIBUTORS, INC. and PADCO ADVISORS, INC.

            Steven M. Malina, Esq. (Ill. Bar No. 6196571)
            Beth A. Black, Esq. (Ill. Bar No. 6257729)
            MORGAN, LEWIS & BOCKIUS LLP
            77 West Wacker Drive
            Fifth Floor
            Chicago, Illinois 60601
            Phone: (312) 324-1000
            Fax: (312) 324-1001
            smalina@morganlewis.com
            bblack@morganlewis.com

            Timothy G. Ackermann, Esq.
            MORGAN, LEWIS & BOCKIUS LLP
            1717 Main Street
            Suite 3200
            Dallas, Texas 75201
            Phone: (214) 466-4000
            Fax: (214) 466-4001
            Texas Bar No. 24001621
            tackermann@morganlewis.com

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, states that on behalf of *DEFENDANT RYDEX DISTRIBUTORS, INC.* and *PADCO ADVISORS, INC.* he caused the foregoing to be served on the following via U.S. Mail: *MEMORANDUM IN SUPPORT OF MOTION TO DISMISS*:

Richard Elliott, Esq.
LAW OFFICES OF RICHARD ELLIOTT
4709 West Lovers Lane
Suite 200
Dallas, Texas 75209
Phone: (214) 358-7600
Fax:    (214) 350-5064
Texas Bar No. 06549800
lawdallas@aol.com

*Counsel for Plaintiffs*

    s/ Steven M. Malina
Counsel for Defendants
Rydex Distributors, Inc. and
Padco Advisors, In

14