UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

A. E. BAGBY; et al                                                    PLAINTIFFS

v.                                                  Civil Action No. 3:06CV648G

RYDEX INVESTMENTS; ET AL                                     DEFENDANTS

## PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

Plaintiffs submit that the motion to dismiss served by the defendants should be denied. Plaintiffs have pleaded two claims against the defendants. One for common law fraud, and the other for damages for violations under the aider and abettor provision of the Texas Securities Act, Vernon's Ann. Texas Civ. St. Art. 581-33 (F)(2). As conceded by the defendants, this statute authorizes damages for injuries caused by an aider or abettor that rendered assistance to another in a deceptive securities transaction.

## VIABILITY OF PLAINTIFFS' CLAIMS UNDER TEXAS SECURITIES ACT

Two recent decisions, and one from this district, confirm the viability of the plaintiffs' claims as alleged in the Complaint. *In re Enron Corp. Securities Derivative & ERISA Litigation*, 388 F.Supp.2d 780 (S.D. Tex. 2005); *Lane Hartman LTD v. P.R.O. Missions, Inc.*, 1997 WL 457512 (N.D. Tex. 1997); and *Sterling Trust Co. v. Adderley*, 168 S.W.3d 835 (Tex. 2005).

In *Sterling Trust*, the Texas Supreme Court interpreted the applicable statute to require some knowledge on the part of the person to be held liable:

> This standard does not mean that the aider must know of the exact misrepresentations or omissions made by the seller, but it does mean that the aider must be subjectively aware of the primary violator's improper activity.

*Id*. at 837. Thus, the defendants in this case, to be found liable, do not have to know of the exact misrepresentations or omissions made by Rob Gormly, but must be generally aware of the

improper activity.   The defendants' denial of "general awareness" that its involvement with Gormly and the plaintiffs was improper is not plausible.   As alleged in the Complaint, the defendants had more than a general awareness, they knew exactly what omissions and misrepresentations Gormly was making to the plaintiffs.  And, the defendants were helping Gormly with his scheme.

*Sterling Trust* also held that the "TSA does not require the aider to have had direct dealing with the defrauded party" to impose liability.  *Id*. at 843.  In the instant matter, as alleged in the Complaint, the defendants DID have direct dealings with the plaintiffs.

Finally, the *Sterling Trust* court also held that under the statute, liability would be imposed on a aider and abettor where he aided a seller directly or indirectly, with a reckless disregard for the truth.  *Id*. at 844.

> [W]e conclude that the statute's use of the phrase "reckless disregard for the truth or the law" accords with the requirement that an aider must be aware of the primary violator's improper activities before it may be held liable for assisting in the securities violation.

*Id*. at 841.  As alleged in the Complaint, the defendants directly aided Gormly with his scheme, with an obvious reckless disregard for the truth concerning the type of investors the defendants' products were being sold to by Gormly and the defendants.  The defendants knew that the clients and prospective clients at the seven (7) quarterly seminars conducted by Gormly and the defendants were all either retired or about to retire.  They further knew that the leveraged index and inverse index funds were inappropriate for 100% of the monthly income producing individual retirement accounts.

In *Enron*, the court was presented with a motion to dismiss by JPMorgan Chase, similar to the one filed in this case by the defendants. The *Enron* court relied on the *Sterling Trust* opinion by the Texas Supreme Court, and denied the motion to dismiss the claims brought pursuant to TSA §581-33F(2). *Id*. at 787-88. The *Enron* court concluded that the plaintiffs had sufficiently pleaded a violation of securities laws; the defendant's general awareness of his role in the violation; substantial assistance given; and a reckless disregard for the truth of the omissions or misrepresentations of the primary violator. *Id*. at 787. In the instant matter, as set forth in the Complaint and below, the plaintiffs have also adequately pleaded Gormly's violation of securities laws; the defendants' participation (more than general awareness) of their role in the violations; substantial assistance given by the defendants; the defendants' reckless disregard for the truth about the investors and misrepresentations made to them.

In *Lane Hartman*, the court found that liability could be imposed where the aider was "intimately involved" in the securities transactions. *Id*. at 5-6. The aider was involved in the preparation of proposals to clients and acted in collaboration with the primary violator. *Id*. at 6. Moreover, the aider participated in making proposals with material omissions. *Id*. That is exactly what happened and has been alleged in this case against the defendants. The court noted that "a party may be held liable under section 33 of the Texas Securities Act if he knowingly or recklessly failed to disclose material facts." *Id*. at 6, n. 2. As alleged in the Complaint, the defendants plainly failed to disclose that the Rydex leveraged index investments were not appropriate for Gormly's clients in attendance at the seminars put on by Gormly and the defendants.

3

Contrary to the suggestion, made repeatedly in the motion to dismiss (as if hoping to make it so), that the plaintiffs have not made sufficient allegations, or if they have, the allegations are merely conclusory, the plaintiffs made detailed allegations in their complaint which comply with the Federal Rules of Civil Procedure, and particularly rules 8 and 9.

The plaintiffs stated in ¶2 that the plaintiffs were mostly retired airline pilots from American Airlines.  The plaintiffs stated in ¶'s 6 and 7, that the plaintiffs' investment advisor, Rob Gormly, became involved with the defendants' Rydex index funds.  In ¶'s 8and 14, the plaintiffs alleged that these index funds and leveraged index funds are recognized as being inappropriate in IRA rollover accounts of retirees.  Paragraphs 9, 10 and 15 contain specific factual information about the time, place and names of the defendants' officers that participated with Gormly in making representations to the retirees about the use of the Rydex funds.  In paragraph 17, the plaintiffs specifically allege that "Defendants failed to make known to the plaintiffs during the marketing seminars presented by its employees that the derivative and inverse funds offered were not suitable or appropriate for use by elderly retirees in their income producing IRA's."  This allegation, like all of the others, is plainly clear.[1]

The plaintiffs' allegations clearly support their claims under §581-33F(2).   The motion to dismiss should be denied as to these claims.

## VIABILITY OF CLAIM FOR COMMON LAW FRAUD

The defendants, citing *Hendricks v. Grant Thornton*, 973 S.W.2d 348, 363 (Tex. App. Ct.

---

[1]	Because this response is directed to a motion to dismiss instead of a summary judgment motion, the plaintiffs have not submitted evidentiary material.  However, the Court may take judicial notice of the NASD's enforcement action against Rob Gormly, Disciplinary Proceeding No. 2005001520701, as proof of the underlying violation claimed to be missing by the defendants.

1998), recognize that they have a duty to speak, or otherwise make a full and complete disclosure of material information, when they have voluntarily made a partial disclosure, and where they have made a disclosure which conveys a false impression.   Contrary to the defendants' arguments in their brief, and as set forth immediately above, the plaintiffs set forth in their complaint numerous allegations amounting to fraud.

In *Nelson v. Najm*, 127 S.W.3d 170, 174 (Tex. App. Ct. 2003), the requirements for a common law fraud were listed: (1) a material misrepresentation; (2) made with either knowledge of falsity or recklessly without regard to the truth; (3) with the intent that the representation be acted on; and (4) that the representation was acted on.   The *Nelson* court also pointed out under Texas law, a statement which may be "literally true" can be actionable if it creates a false impression, or is otherwise misleading. *Id*. at 175.   There is no question that the plaintiffs in this case have adequately and sufficiently pleaded that the defendants made misrepresentations and intentional omissions concerning the suitability of the leveraged and inverse leveraged funds by retirees in their income producing retirement investment accounts.   By making the presentations to the retirees at the seminars, the defendants did so with the intention that the plaintiffs would purchase the inappropriate products.   This meets the requirements of liability for common law fraud. *Enron*, 388 F.Supp.2d at 784.

For the foregoing reasons, the motion to dismiss should be denied.

This, the 14th day of July, 2006.

/s Richard H. Elliott
Counsel for the Plaintiffs
Richard H. Elliott (TX Bar # 06549500)
4709 West Lovers Lane

5

Dallas, Texas 75209
(214) 358-7600
(214) 350-5064 (facsimile)

Of Counsel:

Lee Bowie (pending *PHV*)
Davidson, Bowie & Sims, PLLC
2506 Lakeland Drive, Suite 501
Post Office Box 321405
Jackson, Mississippi 39232
(601) 932-0028
(601) 932-0115 (facsimile)
lbowie@dbslawfirm.net

## Certificate of Service

The following are those who are currently on the list to receive e-mail notices for this case:

Steven M. Malina
Beth A. Black
Lewis & Bockius LLP
77 W. Wacker Drive, 5th Floor
Chicago, Illinois  60601
smalina@morganlewis.com
bblack@morganlewis.com

Timothy Ackermann
Morgan, Lewis & Bockius, LLP
1717 Main Street, Suite 3200
Dallas, Texas  75201
tackerman@morganlewis.com