**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |  |
|---|---|---|
| A. E. BAGBY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 3-06CV0648-G |
| v. | ) | |
| | ) | |
| RYDEX INVESTMENTS, | ) | |
| RYDEX DISTRIBUTORS, INC. and | ) | |
| PADCO ADVISORS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS RYDEX DISTRIBUTORS, INC. AND PADCO ADVISORS, INC.'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants Rydex Distributors, Inc. ("Rydex") and Padco Advisors, Inc. ("Padco") (collectively, "Defendants"), respectfully submit this Reply in Support of their Motion to Dismiss Plaintiffs' complaint pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

## INTRODUCTION

This Court has warned that, "conclusory allegations and unwarranted factual deductions will not suffice to prevent a motion to dismiss." *Perfection Indus., Inc. v. City of Terrell, Tex.*, No. Civ.A. 3:03-CV-3083, 2004 WL 1732689, at *6-*7 (N.D. Tex. Oct. 27, 2004) (motion to dismiss granted as a result of plaintiffs' failure to plead sufficient facts in support of allegations in complaint). Plaintiffs' Response simply regurgitates the same unsupported and legally insufficient allegations contained in their complaint. Moreover, though plainly in contravention of well established law, Plaintiffs' Response raises new unsupported allegations. Plaintiffs' Response does not resuscitate their complaint, which fails to meet the strict pleading

requirements of Federal Rules of Civil Procedure ("FRCP") 9(b) and 12(b)(6).  As such, Plaintiffs' complaint should be dismissed with prejudice.

## ARGUMENT

**I.   PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF UNDER THE TEXAS SECURITIES ACT**

Plaintiffs allege Defendants violated the Texas Securities Act ("TSA") and common law by their failure to disclose to attendees at seminars sponsored by Robert Gormly ("Gormly") that Rydex derivative and inverse funds were inappropriate and unsuitable investments.  (Comp. ¶¶ 17, 19.) Defendants categorically deny that they believed Rydex funds were inappropriate for Plaintiffs or that Defendants had the requisite information regarding each Plaintiff upon which to make such a determination.  Of greater import to the motion to dismiss, however, is the fact that Plaintiffs do not allege in their complaint that Defendants believed that Rydex funds were unsuitable, that Defendants had knowledge of the background information regarding each Plaintiff from which Defendants could acquire such a belief, or that Defendants had a duty to make such a determination and then disclose it.   The Response fails to cure any of the aforementioned defects and Plaintiffs point to no factual basis for these conclusory allegations. Plaintiffs are handicapped in this regard, as their complaint provides no basis for the Response to point to.  The complaint is legally deficient in several respects and does not comport with the requirements of FRCP 9(b) and 12 (b)(6).

Plaintiffs then compound the problem by raising *new*, unsupported conclusory allegations in their Response in a transparent effort to save their complaint.  In resorting to this logic, Plaintiffs refuse to come to terms with the legal standard they must meet.  For example, and for the first time in their Response, Plaintiffs allege:

- "The index funds and leveraged index funds are *recognized* as being inappropriate in IRA rollover accounts of retirees." (Response at 4, emphasis added.)

- "The defendants knew that the clients and prospective clients at the seven (7) quarterly seminars conducted by Gormly and the defendants were all retired or about to retire." (Response at 2.)

- "[T]hey [Defendants] knew exactly what omissions and misrepresentations Gormly was making to the plaintiffs." *Id.*

- "They [Defendants] further knew that the leveraged index and inverse index funds were inappropriate for 100% of the monthly income producing individual retirement accounts." *Id.*

Plaintiffs have even added a new category of alleged misconduct—that Defendants made misrepresentations. (Response at 5.) These conclusory allegations are not only nowhere to be found in the complaint, they are also completely void of any factual basis in the complaint. As a matter of law, Plaintiffs cannot amend their complaint by raising new allegations in their response to a motion to dismiss. *Lakewood Dev. Corp. v. Schultheis*, No. 4:03-CV-1224, 2004 U.S. Dist. LEXIS 5866, at *16-*17 (N.D. Tex. Apr. 6, 2004) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (affirming grant of motion to dismiss and stating that "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss")); *Davis v. Davis*, No. Civ.A. 3:97-CV-0267, 1998 WL 51366, at *2 n.3 (N.D. Tex. Jan. 21, 1998) (plaintiff cannot amend his complaint by briefs submitted in opposition to later motions); *see also Hermann Holdings, Ltd. v. Lucent Techs, Inc.*, 302 F.3d 552, 565 (5th Cir. 2002) (motive shown in briefs alone is not enough; it must be alleged in the pleadings).

Plaintiffs concede that Defendants must have a general awareness of Gormly's alleged violations for aider and abettor liability under the TSA to attach. *Sterling Trust Co. v. Adderley*,

168 S.W.3d 835 (Tex. 2005).  (Response at 1-2.)  Nothing in the complaint, however, even remotely suggests that Defendants had any such general awareness.  Plaintiffs ask this Court to presume that by virtue of Defendants' mere presence at Gormly's seminars, Defendants were aware of Gormly's wrongdoing because Defendants knew that each of the Plaintiffs were either retired or on the eve of retirement, that each Plaintiff would invest 100% of their income producing retirement accounts in Rydex funds and that the funds were inappropriate for such accounts.  *Id.*  Yet Plaintiffs allege no communications between themselves and Defendants, or Gormly and Defendants, from which Defendants acquired such knowledge.

Ignoring these blatant deficiencies, Plaintiffs contend that Defendants had direct dealings with Plaintiffs, exceeding the standard set forth in the *Sterling Trust* case.  *Id.*; *Sterling Trust*, 168 S.W.3d at 843.[1]  Gormly's seminars are the only connection, either direct or indirect, that Plaintiffs allegedly had with Defendants.  Defendants deny that their appearance at Gormly's seminars constituted "direct dealings" with each individual Plaintiff as alleged by Plaintiffs.  There is not a single allegation demonstrating how Defendants' attendance at seminars held to introduce Rydex funds somehow imbued them with a general awareness that Gormly was violating the law.  One must presume that if Plaintiffs had had actual dealings with Defendants, Plaintiffs would have plead such in their complaint.  Yet, they did not.

The other cases Plaintiffs cite are equally unhelpful to them.  Plaintiffs cite to the *Lane Hartman* case to support their theory that Defendants were intimately involved with carrying out Gormly's alleged scheme.  *Lane Hartman Ltd. v. P.R.O. Missions, Inc.*, No. Civ.A. 3:95-CV-

---

[1] Although Plaintiffs cite the *Sterling Trust* case in their Response in support of their argument, the Texas Supreme Court found that Sterling Trust did not possess the general awareness necessary to be liable as an aider and abettor. *Sterling Trust*, 168 S.W.3d at 843 ("ignoring internal procedures that might have alerted Sterling to [the broker's] scheme may be negligence, but it is not 'reckless disregard for the truth or the law'").  Moreover, Sterling Trust's involvement was solely as the IRA custodian for the investors. *Id.* at 837.  Sterling Trust was not the broker or the brokerage firm for the investors.  Similarly, Rydex was not the broker or brokerage firm for Plaintiffs, but rather the mutual fund company whose funds Gormly traded.

0869, 1997 WL 457512, at *1 (N.D. Tex. Aug. 5, 1997); (Response at 3.)  Factually, the *Lane Hartman* case is readily distinguishable from the case at bar.  In *Lane Hartman*, the individual defendant was found to be so closely connected with the other defendants that the court held that he "actively aided *his* corporate entities in the perpetration of securities fraud."  *Lane Hartman,* 1997 WL 457512, at *7 (emphasis added).  Specifically, the court found that the defendant was involved in directing preparation of the loan proposals, notes and agreements at issue, that he signed the cover letters accompanying the loan proposals, that he executed the loan agreements in his executive capacity, and that he was intimately involved in the securities transactions at issue.  *Id.* at *6.  Because of this intimate involvement, and the specific misrepresentations and omissions contained in the documents penned or approved by the defendant, the defendant was found liable as an aider and abettor under the TSA.  *Id.* at *7.

Plaintiffs cannot elevate Defendants' mere appearance at Gormly's seminars to the level of intimate involvement that was present in *Lane Hamilton*.  Again, there is no factual support plead by Plaintiffs that Defendants did anything more than introduce the Rydex family of funds and answer questions the seminar attendees had.  There is simply no foundation for Plaintiffs' claim that Defendants had an awareness that Gormly was doing anything improper or that Defendants knew exactly what misrepresentations Gormly was making—and that Defendants acted in furtherance of the improper activity.  Why Plaintiffs think this case supports their position is mystifying.

Plaintiffs' reliance on *In re Enron Corp. Securities Derivative & ERISA Litigation*, 388 F. Supp. 2d 780 (S.D. Tex. 1997) is similarly misplaced as Plaintiffs cannot equate Defendants' involvement with Gormly in this case with JPMorgan Chase's involvement in the Enron debacle. In *Enron*, JPMorgan Chase was found liable as an aider and abettor because it "materially and knowingly aided Enron in a fraudulent loan scheme that they knew was improper because the

purpose of the scheme was to misrepresent Enron's financial condition…[which was] intended to deceive or defraud Enron securities investors and shareholders." *Id.* at 788.[2]  JPMorgan Chase engaged in a series of year-end oil and gas transactions with Enron which were sham loans. JPMorgan Chase, knowing these transactions were fraudulent, then recommended the purchase of Enron stock to its investors. *Id. at 787.*  Plaintiffs plead no such level of intimate involvement of Defendants with Gormly.   As such, the *Enron* case is distinguishable on its face.   None of these cases support Plaintiffs' allegation that Defendants' conduct satisfies the general awareness requirement under the TSA.

Unable to draw upon any similarities between the case law interpreting the TSA and the facts in this case, Plaintiffs resort to reiterating the general, conclusory allegations in their complaint hoping that the Court will find them sufficient to meet their pleading burdens. (Response at 4.)  Plaintiffs' complaint contains huge gaps which are ultimately fatal to their claims.  To wit, Plaintiffs allege that they were mostly retired airline pilots, that Gormly became involved with Rydex funds and—without providing a factual basis for this conclusion—that these funds were inappropriate in IRA rollover accounts of retirees. *Id.*  Then, with no logical connection whatsoever, Plaintiffs make the conclusory leap that Defendants knew the funds were inappropriate for Plaintiffs and failed to make disclosures regarding the suitability of Rydex funds to Plaintiffs. *Id.*  Plaintiffs, however, are unable to allege any facts that Defendants had knowledge of Plaintiffs' ages, employment status, financial status, investment objectives, risk tolerance, investable assets, or other information necessary to analyze whether each Plaintiff was

---

[2] Interestingly, the court in *Enron* found that plaintiffs failed to plead any factual allegations demonstrating that they relied upon Enron's financial reports or on JPMorgan Chase's recommendations of Enron stock. *In re Enron*, 388 F. Supp. 2d at 785.  "To demonstrate reliance, a plaintiff suing for fraud must allege and prove that he knew of and was induced by defendant's representations." *Id.*  Accordingly, the court dismissed plaintiffs' common law fraud claim against JPMorgan Chase for failing to adequately plead with requisite Rule 9(b) factual particularity. *Id.*  Such is the case here.

suitable to invest in Rydex funds.  Further, Plaintiffs are unable to demonstrate that Defendants were asked to make or had a duty to make suitability determinations for each Plaintiff or that Defendants believed that Rydex funds were not suitable for Plaintiffs.

Plaintiffs remain unable to plead, with the requisite particularity, any of the elements of aider and abettor liability under the TSA.[3]   Thus, Defendants cannot be found liable and Plaintiffs' complaint should be dismissed.

## II.   PLAINTIFFS' COMMON LAW FRAUD CLAIM FAILS AS A MATTER OF LAW

In an attempt to survive dismissal on its common law fraud claim, Plaintiffs just repeat the same defective logic that is the essential premise of the complaint's TSA allegations against Defendants.  Each element of common law fraud must be adequately plead and the absence of any one element will prevent recovery.  *Dittberner v. C. H. Bell*, 558 S.W.2d 527, 533 (Tex. Civ. App. 1977).

The *Nelson v. Najm* case, 127 S.W.3d 170 (Tex. App. Ct. 2003), does not lend support to Plaintiffs' common law fraud claim.  (Response at 5.)  As with the other cases relied upon in Plaintiffs' Response, the *Nelson* case is distinguishable from the case at bar for several reasons.

First, the court in *Nelson* recognized that a failure to disclose information does not constitute fraud unless there is a duty to disclose.  *Nelson*, 127 S.W.3d at 174.  In that case, the defendant had a statutory duty to disclose certain material facts related to the transaction at issue. *Id.* at 175.  Here, Plaintiffs have not plead any facts that establish that Defendants owed Plaintiffs a duty to disclose information regarding the suitability of Rydex funds.  As to the principle that a

---

[3] Plaintiffs' reference to an NASD enforcement action in their Response is completely improper.  This issue is beyond the four corners of the complaint and, thus, cannot be considered by this Court on Defendants' motion to dismiss.  *Guenther v. Cadle Co.*, No. Civ.A. 3:03-CV-3009, 2004 WL 1238194, at *2 (N.D. Tex. June 3, 2004) (consideration of a Rule 12(b)(6) motion to dismiss requires a court to limit its inquiry to the contents of the pleadings).  That being said, the NASD's action is merely a complaint filed against Gormly and does not constitute a

duty to speak may arise in certain circumstances, Plaintiffs believe it is sufficient to state that "plaintiffs set forth in their complaint numerous allegations amounting to fraud"—with no factual support—and survive a motion to dismiss.  (Response at 4-5.)   As set forth in Defendants' motion (Motion at 10-11), however, none of the circumstances giving rise to a duty to speak are alleged here.  Plaintiffs rely on the *Nelson* case for the proposition that a statement which may be "literally true" can be actionable if it creates a false impression or is otherwise misleading.  (Response at 5.)   While this is an accurate statement of the law, nowhere have Plaintiffs alleged what statements were made by Defendants and how such statements created a false impression or were otherwise misleading.  In fact, as stated *supra*, Plaintiffs do not allege in their complaint that Defendants made any misrepresentations.  Plaintiffs are unable to amend their complaint through new allegations in their Response.  *Lakewood Dev. Corp.*, 2004 U.S. Dist. LEXIS 5866, at *16-*17; *Davis*, 1998 WL 51366, at *2 n.3.  Because Plaintiffs have not identified any particular misrepresentations Defendants allegedly made, Plaintiffs cannot establish that Defendants owed a duty to Plaintiffs.  *Enron*, 788 F. Supp. 2d at 788.  Without such a duty, Plaintiffs' fraud claim fails at the outset.

Second, a claim for common law fraud requires a showing of scienter.  *Nelson*, 127 S.W.3d at 174.  "Pleading scienter requires more than a simple allegation that a defendant had fraudulent intent.  To plead scienter adequately, a plaintiff must set forth specific facts that support an inference of fraud." *Tuchman v. DSC Comm. Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994).  Plaintiffs make the simple allegation that "by making the presentations to the retirees at the seminars, the defendants did so with the intention that the plaintiffs would purchase the

---

finding of fact or wrongdoing on Gormly's part.  As such, Plaintiffs have not demonstrated the primary violation necessary for there to be aider and abettor liability under the TSA.

inappropriate products." (Response at 5.)  Plaintiffs do not—and are unable to—set forth what specific facts support an inference of fraudulent intent.

Third, Plaintiffs must have reasonably relied on the allegedly fraudulent silence to their detriment for common law fraud liability to attach. *American Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 436 (Tex. 1997).  Nowhere in the complaint or Response do Plaintiffs allege that they relied on Defendants' alleged omissions in making their respective decisions to invest in Rydex funds.

Finally, a plaintiff alleging common law fraud must not only show that he detrimentally relied on an omission, but also that the omission "was the proximate cause of the damages that he…is seeking to recover." *Millcreek Assoc., L.P. v. Bear, Stearns, & Co.*, 205 F. Supp. 664, 675 (W.D. Tex. 2002).   In their Response, Plaintiffs again fail to allege any facts that establish a causal nexus between Defendants' alleged omissions, Plaintiffs' reliance on same, and Plaintiffs' alleged losses.  Without any facts demonstrating how Defendants' allegedly fraudulent actions caused Plaintiffs' losses, Defendants cannot be held liable.

## CONCLUSION

For all of the foregoing reasons, Defendants Rydex Distributors, Inc. and Padco Advisors, Inc. respectfully request that this Court enter an Order pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) dismissing Plaintiffs' complaint with prejudice and that the Court grant such other and further relief as the Court deems necessary and appropriate.

Dated: July 28, 2006                         Respectfully submitted,


                                            _____s/ Steven M. Malina_____
                                            Counsel for Defendants
                                            RYDEX DISTRIBUTORS, INC. and PADCO ADVISORS, INC.

                                            Steven M. Malina, Esq. (Ill. Bar No. 6196571)
                                            Beth A. Black, Esq. (Ill. Bar No. 6257729)
                                            MORGAN, LEWIS & BOCKIUS LLP
                                            77 West Wacker Drive
                                            Fifth Floor
                                            Chicago, Illinois 60601
                                            Phone: (312) 324-1000
                                            Fax:    (312) 324-1001
                                            *smalina@morganlewis.com*
                                            *bblack@morganlewis.com*

                                            Timothy G. Ackermann, Esq.
                                            MORGAN, LEWIS & BOCKIUS LLP
                                            1717 Main Street
                                            Suite 3200
                                            Dallas, Texas 75201
                                            Phone: (214) 466-4000
                                            Fax:    (214) 466-4001
                                            Texas Bar No. 24001621
                                            *tackermann@morganlewis.com*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that on behalf of *DEFENDANT RYDEX DISTRIBUTORS, INC.* and *PADCO ADVISORS, INC.* he caused the foregoing to be served on the following via electronic filing: *REPLY IN SUPPORT OF MOTION TO DISMISS*:

Richard Elliott, Esq.
LAW OFFICES OF RICHARD ELLIOTT
4709 West Lovers Lane
Suite 200
Dallas, Texas 75209
Phone: (214) 358-7600
Fax:   (214) 350-5064
Texas Bar No. 06549800
*lawdallas@aol.com*

_____s/ Steven M. Malina_____
Counsel for Defendants
Rydex Distributors, Inc. and Padco Advisors, Inc.