UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| A.E. BAGBY, ET AL., )<br>)<br>Plaintiffs, )<br>) | CIVIL ACTION NO. |
| VS. )<br>) | 3:06-CV-0648-G |
| RYDEX INVESTMENTS, ET AL., )<br>) | **ECF** |
| Defendants. ) | |

# MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants, Rydex Investments,[*] Rydex Distributors, Inc. ("Rydex") and Padco Advisors, Inc. ("Padco") (collectively, "the defendants"), to dismiss the plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). For the reasons stated below, the defendants' motion is granted.

---

[*] Although the plaintiffs have named Rydex Investments as a separate defendant in this case, it is actually the trade name of the defendant Padco Advisors, Inc. Therefore, this case involves two defendants -- Rydex Distributors, Inc. and Padco Advisors, Inc. d/b/a Rydex Investments. *See* Defendants Rydex Distributors, Inc. and Padco Avisors, Inc.'s Memorandum in Support of Their Motion to Dismiss at 1 n. 1.

I.  BACKGROUND

The facts of this case, stated in the light most favorable to the plaintiffs, are as follows.  The plaintiffs in this action are retired airline pilots and their families. Plaintiffs' Original Complaint With Jury Demand ("Complaint") ¶ 2.  Each of the plaintiffs entrusted their retirement savings to an investment advisor, Robert Gormly ("Gormly"), who was also a pilot.  *Id.* ¶ 3.  As Gormly obtained other pilots and former pilots as clients, he began investing their assets through his broker-dealer, Omega Securities, Inc.  *Id.*  At that point, the investments were concentrated in the American Funds Group, with diversification among asset classes.  *Id.*  From 1991 through 1998, the plaintiffs' investment accounts grew or maintained their value.  *Id.*

In the spring of 1998, Gormly became a registered representative with Securities America, Inc. and a registered investment advisor representative of Securities America Advisors, Inc. (collectively, "Securities America").  *Id.* ¶ 4.  After making this change, Gormly advised the plaintiffs to participate in a regime of fee based programs that gave Gormly, as the investment advisor, discretionary authority over the plaintiffs' accounts.  *Id.* ¶ 5.

In 2001, Gormly began encouraging his clients to invest in the Rydex family of funds.  *Id.* ¶ 6.  The Rydex funds are mutual funds with fees and trading costs designed to correlate to the movement of market indices like the S&P 500 and the NASDAQ 100. *Id.* ¶ 7.  Rydex products also include funds leveraged with options,

futures, margin borrowing and other derivatives.  *Id.* ¶ 8.  The plaintiffs allege that these funds are recognized in the investment world as being highly volatile and speculative and that they are, therefore, *prima facie* inappropriate investment vehicles for individual retirement accounts ("IRAs").  *Id.*

As part of his sales strategy for Rydex funds, Gormly began hosting seminars for his clients to learn about the investments.  *Id.* ¶ 6.  Rydex representatives also attended and spoke at the seminars.  *Id.* ¶ 9.  For example, on October 31, 2001, Gormly hosted a seminar at which Woody Harris ("Harris"), a senior vice president for the Rydex funds, introduced the funds to Gormly's clients and answered their questions regarding the funds.  *Id.*  Harris and other Rydex representatives, including Rydex vice president Ted Morrow ("Morrow"), attended and spoke at additional seminars hosted by Gormly during 2002 and 2003.  *Id.* ¶¶ 9-10.

At some point, Gormly began "frantically" trading the assets in the plaintiffs' retirement accounts.  *Id.* ¶ 11.  Gormly purchased and sold the Rydex funds in which the plaintiffs were invested on a daily basis.  *Id.* ¶ 12.  During this time, the plaintiffs were invested in the following Rydex funds: the Rydex Titan 500, Rydex Tempest 500, Rydex Velocity 100 and Rydex Venture 100.  *Id.* ¶ 14.  The plaintiffs allege that these funds, which are supposed to directly or inversely track the S&P 500 and NASDAQ, are unsuitable investments for income producing IRA accounts.  *Id.*

From the fall of 2001 through 2003, the plaintiffs allege that the defendants were directly and indirectly involved in Gormly's solicitation of the plaintiffs and his advising them to invest millions of dollars in Rydex funds. *Id.* ¶ 15. During 2003, the plaintiffs lost more than seven million dollars because of these investments. *Id.* The plaintiffs allege they suffered these losses because Gormly and Rydex representatives failed to inform them that the derivative and inverse funds marketed by Rydex at Gormly's seminars "were not suitable or appropriate for use by elderly retirees in their income producing IRAs." *Id.* ¶ 17. Therefore, the plaintiffs posit that the defendants are liable for their losses under the Texas Securities Act and common law fraud. *Id.* ¶¶ 17-19.

## II.  ANALYSIS

### A.  Applicable Pleading Standards

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). There are two primary principles that guide the court's determination of whether dismissal under Rule 12(b)(6) should be granted. First, a motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the nonmovants could prove no set of facts in support of their claims that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994); see also *Kaiser Aluminum & Chemical Sales, Incorporated v. Avondale*

*Shipyards, Incorporated*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing 5B WRIGHT & MILLER § 1357 at 598 (1969), for the proposition that "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted"), *cert. denied*, 459 U.S. 1105 (1983).

Second, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant. See *Capital Parks, Incorporated v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991). However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas Incorporated*, 336 F.3d 375, 379 (5th Cir. 2003).

In addition, Rule 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). The Fifth Circuit interprets Rule 9(b) strictly, requiring the plaintiffs to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir.), *cert. denied*, 522 U.S. 966 (1997); *Nathenson v. Zonagen, Inc.*, 267 F.3d 400, 412 (5th Cir. 2001). Similarly, "'[i]n cases concerning fraudulent misrepresentation and omission

of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading.'" *Carroll v. Fort James Corporation*, 470 F.3d 1171, 1174 (5th Cir. 2006), quoting *U.S. ex rel. Riley v. St. Luke's Episcopal Hospital*, 355 F.3d 370, 381 (5th Cir. 2004).

## B. The Plaintiffs' Allegations

### 1. *The Texas Securities Act*

In order to state a claim under the Texas Securities Act, the plaintiffs must allege that the defendants (1) directly or indirectly, (2) with intent to deceive or defraud or with reckless disregard for the truth or the law, (3) materially aided Gormly or Securities America in committing a violation of Article 581-33A. *See* VERNON'S TEXAS CIVIL STATUTES Art. 581-33F(2). Article 581-33A(2) establishes primary violator liability for individuals who (1) offer or sell securities, (2) by means of omitting a material fact necessary to make other statements by the seller not misleading to the buyer. *See* VERNON'S TEXAS CIVIL STATUTES Art. 581-33A(2).

The Texas Supreme Court has interpreted the requirement in Article 581-33F(2) that a defendant charged with aiding a securities violation must act with reckless disregard for the truth or the law to mean that the defendant "must be aware of the primary violator's improper activities." *Sterling Trust Company v. Adderley*, 168 S.W.3d 835, 841 (Tex. 2005). It is not enough that an aider should have known

- 6 -

that the primary violator's activities were improper; "an alleged aider can only be held liable if it rendered assistance 'in the face of a perceived risk' that its assistance would facilitate untruthful or illegal activity by the primary violator." *Id.* at 841-42. Accordingly, to have properly alleged a violation of Article 581-33F(2), the plaintiffs must aver in their complaint that the defendants directly or indirectly materially aided Gormly in violating the Texas Securities Act even though they knew there was a risk that Gormly was deceiving or defrauding the plaintiffs.

The plaintiffs have satisfied the first part of the test by alleging that the defendants "were involved directly and indirectly with Gormly in soliciting and advising the Plaintiffs to invest" in Rydex funds. Complaint ¶ 15. They also allege that the defendants materially aided Gormly and/or Securities America in contravention of Article 581-33A(2). *Id.* ¶ 17. However, even when the allegations in the complaint are viewed in the light most favorable to the plaintiffs, the plaintiffs have not alleged that the defendants were aware of a risk that Gormly was acting improperly by recommending Rydex funds to the plaintiffs. Even if it is assumed that Harris and Morrow -- as representatives and vice presidents of Rydex and, therefore, members of the investment world -- recognized that Rydex funds were volatile and inappropriate for income producing IRA accounts, see *id.* ¶¶ 8, 14, the plaintiffs have not alleged that the defendants knew (1) that Gormly's clients were retirees or (2) that the plaintiffs were seeking to invest assets from their income producing IRAs.

Without knowledge of these two facts, the defendants would not have known that information regarding the volatility of Rydex funds was material to the plaintiffs or that omitting that information would give the false impression that the securities were appropriate for the plaintiffs' investments.

Although the plaintiffs have failed to properly plead a claim under the Texas Securities Act, and the defendants' motion to dismiss the plaintiffs' first claim will be granted on that ground, it is worth noting that the plaintiffs have also failed to satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b). In cases involving fraud by omission, to meet the requirements of Rule 9(b), a plaintiff must "'plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading.'" *Carroll*, 470 F.3d at 1174.

In this case, the plaintiffs have clearly alleged the type of facts omitted -- "that the derivative and inverse funds offered were not suitable or appropriate for use by elderly retirees in their income producing IRAs." Complaint ¶ 17. In addition, the plaintiffs identified the speakers -- Harris and Morrow -- and stated when and where the fraudulent omissions were made -- at seminars hosted by Gormly on October 31, 2001, January 31, 2002, April 26, 2002 and in July 2002, October 2002, January 2003, and April 2003. *Id.* ¶¶ 9-10, 17; see *Williams*, 112 F.3d at 177. However, the plaintiffs do not explicitly state why this omission was misleading. Although it may

be fairly assumed that the alleged omission misled the plaintiffs because it caused them to believe that the Rydex funds were appropriate investments for their IRAs when the defendants knew they were not, Rule 9(b) does not allow the plaintiffs to force the defendants -- or the court -- to make such assumptions. Consequently, the defendants' motion to dismiss the plaintiffs' Texas Securities Act claim under Rule 12(b)(6) is granted.

### 2. *Common Law Fraud*

In order to state a claim for common law fraud, the plaintiffs must aver that the defendants (1) misrepresented a material fact, (2) knew the representation was false or made it recklessly without any knowledge of its truth, (3) made the false representation with the intent that it should be acted upon by the plaintiffs, and (4) the plaintiffs justifiably relied on the representation and thereby suffered injury. *United Teacher Associates Insurance Company v. Union Labor Life Insurance Company*, 414 F.3d 558, 566 (5th Cir. 2005). "The first requirement of this test can be met if the defendant concealed or failed to disclose a material fact when a duty to disclose existed." *Id.*

In the present case, the plaintiffs have not alleged facts to support each of these four elements. Although they have alleged that the defendants misrepresented a material fact by omitting information "that the derivative and inverse funds offered [by Rydex] were not suitable or appropriate for use by elderly retirees in their income

producing IRAs," Complaint ¶ 17, the plaintiffs, as noted in the prior section, have not properly alleged that the defendants knowingly misrepresented the Rydex funds in their marketing presentations or marketed them to the plaintiffs with reckless disregard for the truth. See *id.* ¶¶ 9-10, 19. The plaintiffs have also failed to allege that the defendants owed them a duty to disclose the omitted information. See *Four Brothers Boat Works, Inc. v. Tesoro Petroleum Companies, Inc.*, ___ S.W.3d ___, 2006 WL 3589480, *13 (Tex. App.--Houston [14th Dist.] December 12, 2006, no pet.) (describing the situations in which a duty to disclose arises), citing *Anderson, Greenwood & Co. v. Martin*, 44 S.W.3d 200, 212-13 (Tex. App.--Houston [14th Dist.] 2001, pet. denied).

  Likewise, although the plaintiffs have alleged the third element -- that Rydex representatives "advocated" the funds for use by the plaintiffs -- they do not allege that they relied on those representations in making their decision to allow Gormly to purchase the funds. See *id.* ¶ 10. Therefore, the plaintiffs have not properly alleged a cause of action for common law fraud.

  Furthermore, as explained in the prior section, the plaintiffs have not satisfied the requirements of Rule 9(b) to plead fraud with specificity, because they have not explained why the alleged omission was misleading. Accordingly, the defendants' motion to dismiss the plaintiffs' cause of action for common law fraud is also granted.

III.  CONCLUSION

For the reasons set forth above the defendants' motion to dismiss the plaintiffs' complaint is **GRANTED**.

**SO ORDERED**.

February 16, 2007.

```
                                            _____
                                            A. JOE FISH
                                            CHIEF JUDGE
```